1 | RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
2 | LAILA MASUD, #311731
lmasud@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt Avenue
4 | Irvine, California 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for Chapter 7 Trustee,
JEFFREY I. GOLDEN
7 |

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA -SANTA ANA DIVISION

10 |

| | |
|---|---|
| 11  In re | Case No. 8:17-bk-12046-SC |
| 12  CHARLES B. DAYE | Chapter 7 |
| ALICE L. DAYE, | |
| 13 | MOTION FOR ORDER: |
| Debtors. | (1) APPROVING SALE OF ESTATE |
| 14 | ASSETS; |
| | (2) APPROVING STIPULATION |
| 15 | BETWEEN CHAPTER 7 TRUSTEE AND |
| | COMMONWEALTH BUSINESS BANK; |
| 16 | AND |
| | (3) APPROVING STIPULATION |
| 17 | BETWEEN CHAPTER 7 TRUSTEE AND |
| | LANDLORD WILLIAM LANDIS, |
| 18 | TRUSTEE OF THE WILLIAM LANDIS |
| | LIVING TRUST. |
| 19 | DECLARATION OF JEFFREY I. |
| | GOLDEN |
| 20 | |
| | Hearing: |
| 21 | Date:  August 16, 2017 |
| | Time: 11:00 a.m. |
| 22 | Ctrm:  5C |

23 |

24 |

25 |

26 |

27 |

28 |

---

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

# Table of Contents

1.    Introduction and Factual Background ................................................................. 1

2.    Legal Authority ................................................................................................. 2

    A.    Sale of the Assets Listed in Schedule A Under 11 U.S.C. § 363(b) .......... 2

        i.    Compliance with U.S. Trustee Guidelines ..................................... 4

        ii.    Sale of the Assets including the Liquor License Free and Clear of
Liens Under 11 U.S.C. § 363(f) ..................................................... 4

        iii.    Approval of Stipulation between Trustee and Bank ...................... 5

        iv.    Approval of Stipulation between Trustee and Landlord ............... 5

        v.    Good Faith Purchaser Determination .............................................. 6

    B.    Sale Outside the Ordinary Course .......................................................... 7

3.    Conclusion ........................................................................................................ 7

Declaration of Jeffrey I. Golden ................................................................................ 9

# Table of Authorities

**Cases**

*In re 240 North Brand Partners, Ltd.*,

    200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) ......................................................... 6

*In re Montgomery Ward Holding Corp.*,

    242 B.R. 147, 153 (Bankr. D. Del. 1999) ......................................................... 7

*Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re*

    *Continental Air Lines, Inc.*),

    780 F. 2d 1223, 1226 (5th Cir. 1986) .......................................................... 2, 3

*Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (Bankr. 9th Cir. 1988) ...................... 2, 3

**Statutes**

11 U.S.C. § 363 (b)(1). ............................................................................................. 2

11 U.S.C. § 363(f) ................................................................................................. 2, 4, 5

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

11 U.S.C. §363(b)(1) ................................................................................................................2

**Rules**

F.R.B.P. 6004(f)(1) ............................................................................................................4, 21

F.R.B.P. Rule 6004(f)(1) .........................................................................................................4

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

1  TO THE HONORABLE SCOTT C. CLARKSON UNITED STATES BANKRUPTCY COURT

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED

3  PARTIES:

4        Jeffrey I. Golden, the duly appointed Chapter 7 trustee (the "Trustee") for the

5  bankruptcy estate (the "Estate") of Charles B. Daye and Alice L. Daye ("Debtors"), seeks

6  authorization (1) to sell the Estate's interest in a liquor store known as Can Do Liquors Corp

7  ("CDL"), a California Department of Beverage Control License ("License"), furnishings and

8  equipment and an inventory of alcoholic and non-alcoholic beverages ("Inventory," and

9  collectively with the License, the "Assets") outside of the ordinary course of business and; (2)

10 to approve a stipulation between the Estate and William Landis, Trustee of William Landis

11 Living Trust ("Landlord") ("Landlord Stipulation"); and (3) to approve a stipulation between

12 the Estate and Commonwealth Business Bank ("Bank") ("Bank Stipulation") by August 31,

13 2017.

14       The Trustee requests that the Court enter an order approving: (1) the sale as set forth in

15 the Asset Purchase Agreement ("APA") a true and correct copy of which is attached as Exhibit

16 "1" to the Declaration of Jeffrey I. Golden ("Golden Declaration"); (2) the Landlord

17 Stipulation a true and correct copy of which is attached as Exhibit "3" to the Golden

18 Declaration; and (3) the Bank Stipulation a true and correct copy of which is attached as

19 Exhibit "4" to the Golden Declaration, as it is in the best interests of creditors and will bring

20 much needed funds into the Estate.

21 **1.    Introduction and Factual Background**

22       On May 20, 2017 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of

23 the United States Bankruptcy Code ("Petition"). On the same day, Debtors filed their Schedules

24 and Statement of Financial Affairs. Jeffrey I. Golden is the duly appointed Chapter 7 Trustee.

25       The Estate owns an interest in a liquor store known as Can Do Liquors Corp. ("CDL")

26 located at 16932 Goldenwest Street, Huntington Beach, California.  The Estate owns a 21- Off

27 Sale General California Department of Beverage Control License, license # 558950 (the "Liquor

28

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

1  License") and other furnishings, equipment, and an inventory of alcoholic and non-alcoholic

2

3  beverages ("Inventory," and collectively with the License, the "Assets"). All Assets are listed in

4  Schedule A attached as Exhibit "2"

5  The Trustee has negotiated a sale of the Assets to Basel Haddad ("Mr. Haddad" or the

6  "Buyer") for $110,000.00. As a condition to purchasing the Assets, the Buyer requires a lease of

7  the CDL Property. The William Landis Living Trust ("Landlord") is the landlord of the CDL

8  Property.

9  Landlord will not consent to entering into a new lease with Buyer unless Landlord

10  receives $35,000.00 of the sales proceeds on account of unpaid rent. As part of the transaction,

11  the Trustee seeks authority to enter into an agreement with the Landlord to pay Landlord

12  $35,000.00 out of the sales proceeds.

13  Lastly, the Assets are encumbered by a UCC lien in favor of the Bank in the amount of

14  $118,957.61. As such, as part of the transaction, the Trustee seeks authority to enter into an

15  agreement with the Bank, where the Bank has agreed to take $17,292.00, as payment on their

16  secured claim. In exchange the Bank assigns the balance, if any, of their secured claim to the

17  Estate.

18  The proposed transaction is in the best interest of the Estate and creditors because it will

19  bring funds into the Estate, which can be used to pay creditors.  The Court should therefore grant

20  the Motion.

21  **2.    Legal Authority**

22  Subsection 363(b)(1) of the Bankruptcy Code provides that a trustee may, after notice

23  and a hearing, "use, sell or lease, other than in the ordinary course of business, property of the

24  estate." 11 U.S.C. § 363 (b)(1).

25  **A.    Sale of the Assets Listed in Schedule a Under 11 U.S.C. § 363(b)**

26  The standard for approval of a sale of property of the estate under § 363(b) is whether

27  there exists "some articulated business justification" for the proposed transaction. *Walter v.*

28

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

1  *Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (Bankr. 9th Cir. 1988) (quoting *Institutional*

2  *Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air*

3  *Lines, Inc.*), 780 F. 2d 1223, 1226 (5th Cir. 1986).  The Bankruptcy Appellate Panel in *Walter*

4  adopted a flexible, case-by-case test to determine whether the business purpose for a proposed

5  sale justified disposition of property of the estate under § 363(b).  In *Walter*, the court, adopted

6  the following standard to be applied under § 363(b):

7              . . . for the . . . trustee to satisfy [his/her] fiduciary duties to the

8              debtor, creditors and equity holders, there must be some articulated

9              business justification for using, selling, or leasing the property

10             outside the ordinary course of business . . . . Whether the proffered

11             business justification is sufficient depends on the case.  As the

12             Second Circuit held in *Lionel,* the bankruptcy judge should consider

13             all salient factors pertaining to the proceeding and, accordingly, act

14             to further the diverse interests of the debtor's creditors and equity

15             holders, alike.

16  *Walter, supra*. 83 B.R. at 19-20 (quoting *Continental Airlines*, 780 F. 2d at 1226 (internal citations

17  omitted).

18         In evaluating the propriety of a sale of property of the estate, courts have evaluated

19  whether:

20             (i)      "sound business purpose justifies the sale";

21             (ii)     "accurate and reasonable notice" of the sale was provided;

22             (iii)    "the price to be paid is adequate, i.e., fair and reasonable; and

23             (iv)     "'good faith', i.e., the absence of any lucrative deals with insiders, is

24                      present."

25  In re *Industrial Valley Refrig. and Air Cond. Supplies, Inc*., 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

26         The sale of the Assets is in the best interest of Debtor's creditors.  Under the terms of the

27  APA, all Assets listed in Schedule A will be sold to Buyer for $110,000.00. The sale includes the

28

3

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

1  Liquor License and personal property that the Trustee's agent has valued at $17,292.00

2

3  ("Appraisal"). A true and correct copy of the Appraisal is attached to the Golden Decl. as Exhibit

4  "2."

5        The sale will bring $110,000 to the Estate, which currently owns no assets. The Trustee

6  has previously sold liquor licenses and inquired of other Chapter 7 panel trustees as to the market

7  rate of liquor licenses, and the price to be paid by the Buyer is adequate. (Golden Decl., ¶ 12.) In

8  the instant matter, the Trustee will give notice to Debtor, the United States Trustee, all known

9  creditors and any other prospective buyers which will provide accurate and reasonable notice of

10  this Motion. Buyer has no previous business relationship with Debtors, the sale is not the result

11  of any insider dealing. Further, the Sale is a result of arms-length business negotiations between

12  the Trustee and all parties involved. Lastly, Buyer is not a relative of Debtors nor is associated

13  with a member of the Court. As such, Buyer is a good faith purchaser.

14                    **i.      Compliance with U.S. Trustee Guidelines**

15        The sale of the Liquor License will be conducted through an escrow account.  (Golden

16  Decl., ¶ 13.)  In compliance with Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure,

17  the Trustee will file a copy of the escrow closing statement and transmit it to the Office of the

18  United States Trustee. (*Id.*)

19                    **ii.     Sale of the Assets including the Liquor License Free and**

20                    **Clear of Liens Under 11 U.S.C. § 363(f)**

21        The Trustee seeks authority to complete the sale free and clear of all liens, claims, and

22  interests.  Section 363(f) allows a trustee to sell property of the bankruptcy estate "free and clear

23  of any interest in such property of an entity," if any <u>one</u> of the following five conditions is met:

24        1.      Applicable non-bankruptcy law permits a sale of such property free and clear of

25  such interest;

26        2.      Such entity consents;

27

28

                                            4
─────────────────────────────────────────────────────────────
MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

3.      Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4.      Such interest is in bona fide dispute; or

5.      Such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f).

According to the California Department of Beverage Control, there are no tax liens encumbering the Assets.  The Trustee is not aware of any other liens or interests encumbering the Assets aside from the Bank and the Bank has consented to the transaction.  (Golden Decl., ¶ 14.)

### iii.    Approval of Stipulation between Trustee and Bank

Bank assets a blanket lien on all assets of the Estate to secure an outstanding balance which Bank contends exceeds $118,957.61. (Golden Decl., ¶ 7.)  The Bank supports the Trustee's request to sell the assets. As such, Trustee seeks sale free and clear of liens. (Golden Decl., ¶ 7.) The Appraisal values the assets at $17,292.00. (Golden Decl., Exh. "2."). As such, Bank has accepted and agreed to release its lien in exchange for payment of $17,292.00 of the sales proceeds as it is the value of the personal property according to the Appraisal. (Golden Decl., ¶ 7.)  Any remaining sums owed to the Bank by the Debtors and/or the bankruptcy Estate shall be a general unsecured claim. (Golden Decl., ¶ 7.) Bank assigns the balance, if any, of their secured claim to the Estate. (Golden Decl., ¶ 7.)

A true and correct copy of the executed Bank Stipulation is attached as Exhibit "3." Trustee requests court approval, allowing the Trustee, at closing, to pay Bank $17,292.99 and authority to sell the Assets free and clear of all liens including the Bank as they have consented to the transaction.

### iv.    Approval of Stipulation between Trustee and Landlord

Buyer's condition of sale was that they must be able to retain a new lease. Landlord refused to execute a new lease unless Trustee agreed to pay $35,000.00 of sales proceeds to the

5

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

1 Landlord. Trustee is agreeable to the payment as an assumption or assignment of lease would

2 require payment of at least $79,369.96 made up of $54,369.96 for pre-petition rent and

3 approximately $25,000.00 for post-petition rent.  Further, the Buyer refused to assume the

4 existing lease as the rent under the existing lease was too high and the new lease between

5 Landlord and Buyer will be substantially lower. (Golden Decl., ¶ 10.)

6        Trustee believes payment of $35,000.00 is reasonable considering $25,000.00 is currently

7 owed through August for unpaid post-petition rent including $2,500.00 for stub period from the

8 filing date through end of May and discharges unpaid pre-petition rent amounting to

9 $54,369.96.00. (Golden Decl., ¶ 10.) A true and correct copy of the executed Landlord

10 Stipulation is attached as Exhibit "4."

11        Trustee believes the stipulation with Landlord is fair considering all of the above factors.

12 If the Trustee were to not go through with the sale and instead market the property and attempt to

13 sell outside it would be at least an additional $10,000.00 for costs of sale. (Golden Decl., ¶ 16.)

14 Further, in exchange for the payment, Landlord is waiving any claim to receive any distribution

15 from the proceeds. (Golden Decl., ¶ 16.) This is significant as the Landlord is the largest creditor

16 of the Estate. (Golden Decl., ¶ 16.) The claim on one year's rent would be in excess of

17 $90,000.00 not including other pass throughs that have not been calculated into the figure

18 mentioned above. (Golden Decl., ¶ 16.) Attached as Exhibit "5" is a true and correct copy of the

19 Landlord's invoice for pre-petition rent due. Trustee believes there is no other reasonable

20 alternate for the Estate to receive funds aside from the sale of the Assets and payment to the

21 Landlord. (Golden Decl., ¶ 16.)

22            **v.    Good Faith Purchaser Determination**

23        The proposed buyer is a good faith purchasers entitled to the protections of 11 U.S.C. §

24 363(m). The good faith requirement "focuses principally on the element of special treatment of

25 the debtor's insiders in the sale transaction."  *See In re Industrial Valley Refrig. & Air Cond.*

26 *Supplies, Inc.*, supra, 77 B.R. 15, 17.  Buyer is not an insider and he has not received any special

27 treatment or consideration.

28

1    Good cause exists to make a finding that the Buyer is purchasing the Asset in "good

2    faith" pursuant to 11 U.S.C.§ 363(m).

3

4    ### B.    Sale Outside the Ordinary Course

5    The use, sale, or lease of estate property outside the ordinary course of business should be

6    authorized when supported by a valid business purpose. *See, e.g., In re 240 North Brand*

7    *Partners, Ltd.*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) ("As a result, debtors who wish to

8    utilize § 363(b) to dispose of property of the estate must demonstrate that such disposition has a

9    valid business justification."); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153

10   (Bankr. D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of

11   the estate under this section, courts require the debtor to show that a sound business purpose

12   justifies such actions").

13   The sale satisfies the standards for approval outside of the ordinary course of business

14   pursuant to § 363(b) assumption or assignment of the lease would require payment in excess of

15   $77,000.00. Further, the Buyer refused to assume the existing lease as rent under the existing

16   lease is much higher than a new lease with Landlord. Further, as a result of the Bank Stipulation,

17   the Bank has assigned the balance of its secured claim to the Estate. Lastly, the sale motion

18   brings approximately $47,708.00 into the Estate after payments to the Bank and Landlord.

19   (Golden Decl., ¶ 9.)

20   ## 3.    Conclusion

21   Based on the foregoing, the Trustee respectfully requests that the Court enter an order

22   that provides that:

23   1.    The Motion is granted;

24   2.    The Trustee is authorized to sell the Assets including the License to the Buyer

25   outside the ordinary course of business;

26   3.    The Trustee is authorized to sign all documents necessary to consummate the sale

27   of the Assets, close escrow, and transfer the Liquor License by August 31, 2017;

28

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

4.  The Trustee is authorized to pay any commissions and costs of sale necessary;

5.  The sale of the Assets shall be free and clear of any liens or interests;

6.  The Buyer is afforded the protections set forth in 11 U.S.C. § 363(m) as a good faith purchaser;

7.  The Bank Stipulation is approved;

8.  The Landlord Stipulation is approved;

9.  The Trustee is authorized to terminate the lease of the CDL Property;

10.  The Trustee is authorized to pay Landlord $35,000.00;

11.  The Trustee is authorized to pay Bank $17,292.00;

12.  The period proscribed under Federal Rules of Bankruptcy Procedure 6004(h) is waived; and

13.  Such other further relief as the Court may deem just and proper.

DATED:  July 25, 2017                MARSHACK HAYS LLP

                                     /s/ Richard A. Marshack
                               By:_____
                                     RICHARD A. MARSHACK
                                     LAILA MASUD
                                     Attorneys for Chapter 7 Trustee,
                                     Jeffrey I. Golden

8

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

# **Declaration of Jeffrey I. Golden**

I, JEFFREY I. GOLDEN, say and declare as follows:

1.    I am the duly appointed and acting Chapter 7 trustee for the bankruptcy estate (the "Estate") of Charles B. Daye and Alice L. Daye ("Debtors").

2.    If called upon to testify as to the matters set forth herein, I could and would competently testify thereto, either from personal knowledge or on information and belief.

3.    I make this declaration in support of the Motion (1) to sell the Estate's interest in a liquor store known as Can Do Liquors Corp ("CDL"), a California Department of Beverage Control License ("License"), furnishings and equipment and an inventory of alcoholic and non-alcoholic beverages ("Inventory," and collectively with the License, the "Assets") outside of the ordinary course of business and; (2) to approve a stipulation between the Estate and William Landis, Trustee of William Landis Living Trust ("Landlord") ("Landlord Stipulation"); and (3) to approve a stipulation between the Estate and Commonwealth Business Bank ("Bank") ("Bank Stipulation") by August 31, 2017 ("Motion").

4.    The capitalized terms have the definitions set forth in the Motion.

5.    A true and correct copy of the Asset Purchase Agreement ("APA") is attached hereto as Exhibit "1."

6.    A true and correct copy of Trustee's agent, Jennifer Papadopolous' appraisal ("Appraisal"), is attached hereto as Exhibit "2." Contained within the Appraisal is Schedule A that lists all Assets for sale.

7.    Bank asserts a blanket lien on Assets of the Estate to secure an outstanding balance which Bank contends exceeds $118,957.61. However, the Bank supports the Trustee's request to sell the assets seeks sale free and clear of liens in exchange for payment of $17,292.00 of the sales proceeds. Any remaining sums owed to the Bank by the Debtors and/or the bankruptcy estate shall be a general unsecured claim. Bank assigns the balance, if any, of their secured claim to the Estate.

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

8.      A true and correct copy of the Bank Stipulation is attached hereto as Exhibit "3."

9.      I am not aware of any other liens or interests encumbering the assets aside from the Bank.

10.     Buyer's condition of sale was that they must be able to retain a new lease. Landlord refused to execute a new lease unless Trustee agreed to pay $35,000.00 of sales proceeds to the Landlord. Trustee is agreeable to the payment as an assumption or assignment of lease would require payment of at least $79,369.96 made up of $54,369.96 for pre-petition rent and approximately $25,000.00 for post-petition rent. Further, the Buyer refused to assume the existing lease as the rent under the existing lease was too high and the new lease between Landlord and Buyer will be substantially lower. I believe payment of $35,000.00 is reasonable considering $25,000.00 is currently owed through August for unpaid post-petition rent including $2,500.00 for stub period from the filing date through end of May and because the stipulation discharges unpaid pre-petition rent amounting to upwards of $54,000.00. A true and correct copy of the Landlord Stipulation is attached hereto as Exhibit "4."

11.     Attached as Exhibit 5 is a true and correct copy of the Landlord's invoice for pre-petition rent due.

12.     I have previously sold liquor licenses and inquired of other Chapter 7 panel trustees as to the market rate of liquor licenses. I have learned that liquor licenses sell for $12,000 to over $100,000 depending on the type and the county where it is issued. I believe that the price to be paid by the Buyer for the Liquor License is the market rate.

13.     The sale of the Liquor License will be conducted through an escrow account. In compliance with Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure, I will file a copy of the escrow closing statement and transmit it to the Office of the United States Trustee.

14.     According to the California Department of Beverage Control website, there are no tax liens encumbering the Liquor License. I am not aware of any other liens or interests encumbering the Liquor License, aside from the Bank that has consented to the transaction.

10

MOTION TO SELL ESTATE ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS AND APPROVE
BANK STIPULATION AND LANDLORD STIPULATION

4817-2814-0620, v. 1

1       15.    The sale motion brings approximately $57,000.00 into the Estate after payments

2 to the Bank, Landlord and any costs of sale.

3       16.    I believe the Landlord Stipulation is fair considering all of the above factors. If

4 the Estate were to not go through with the sale and instead market the Assets and attempt to sell

5 outside it would be an additional $10,000.00 for costs of sale. Further, in exchange for the

6 payment, Landlord is waiving any claim to receive any distribution from the proceeds. This is

7 significant as the Landlord is the largest creditor of the Estate. The claim on one year's rent

8 would be in excess of $90,000.00 not including other pass throughs that have not been calculated

9 into the figure mentioned above. I believe there is no other reasonable alternate for the Estate to

10 receive funds aside from the sale of the Assets and payments to the Landlord and Bank.

11       I declare under penalty of perjury under the laws of the State of California that the

12 foregoing is true and correct, and that this declaration is executed on July 25, 2017, at

13 Irvine, California.

14

15                                         JEFFREY I. GOLDEN

16

17

18

19

20

21

22

23

24

25

26

27

28

11

EXHIBIT 1

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("Agreement"), dated July _____, 2017 ("Effective Date"), is made by and among JEFFREY I. GOLDEN, the duly appointed, qualified and acting Chapter 7 bankruptcy trustee ("Trustee" or "Seller") for the bankruptcy estate (the "Estate") of Charles B. Daye and Alice L. Daye ("Debtors") and Basel Haddad ("Buyer"). Trustee and Buyer are collectively referred to herein as the "Parties."

## RECITALS

A.      The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 20, 2017.

B.      Seller is the court-appointed Chapter 7 Trustee for the Estate currently pending in United States Bankruptcy Court, Central District of California, Case No. 8:17-bk-12046-SC.

C.      Trustee is advised that the Estate may have an interest in a liquor store known as Can Do Liquors Corp ("CDL"), a liquor license ("License"), furnishings and equipment and an inventory of alcoholic and non-alcoholic beverages ("Inventory," and collectively with the License, the "Assets").

D.      Buyer acknowledges that it is familiar with the assets used in Debtor's business. Buyer also acknowledges that this Agreement is for the purchase of the Assets itemized in Schedule A ("Assets").

E.      Trustee desires to sell, and Buyer desires to purchase the Estate's interest, if any, in the Assets, in accordance with the terms and conditions as contained herein, subject to Bankruptcy Court approval and overbid.

WHEREFORE, in consideration of the foregoing Recitals and of the promises, mutual obligations and agreements set forth herein, together with other good and valuable consideration, the receipt and sufficiency and adequacy of which are hereby acknowledged by the Parties, the Parties agree as follows:

1.      **Incorporation of Recitals.**   The foregoing Recitals are incorporated herein by reference as though set forth in full and are acknowledged by the Parties to be material representations which form the basis of this Agreement.

2.      **Basic Terms**

Trustee is selling the Assets to Buyer for $110,000. Escrow shall be opened to convey title to the liquor license at [*PAM KRAUS TO IDENTIFY*]. Assets shall be sold free and clear of monetary liens. Sale to close as soon as possible but no later than 8-30-17.

1

4845-5208-2507v1/1012-020

4845-5208-2507, v. 1

**EXHIBIT 1**
**Page 15**

2.1.    Purchased Assets.    Subject to the terms and conditions of this Agreement, at the Closing, Seller shall sell, assign, convey, transfer, and deliver to Buyer, and Buyer shall purchase from Seller, the Assets.

2.2.    Purchase Price for the Assets.    The purchase price ("Purchase Price") for the Assets is One Hundred Ten Thousand Dollars ($110,000). $30,000 shall be payable by cashier's check upon execution of this Agreement by Buyer. $80,000 shall be payable ten (10) days prior to the hearing on the motion to sell. Said cashier's checks shall be payable to "Jeffrey I. Golden Bankruptcy Trustee of In re: Daye." All funds will be held in trust by the Trustee until an order has been entered approving the sale.

2.3.    Conditions Precedent to Sale.    This Agreement and the obligations of the Parties herein are subject to:

    a.    Approval of this sale agreement by order of the United States Bankruptcy Court presiding over the Estate.

    b.    That all consideration is funded in a timely manner.

    c.    That the secured creditor, Commonwealth Business Bank, consents to accepting $17,292 in exchange for terminating their lien on assets being sold and the court approves the payment of said sums.

    d.    The landlord of the current premises, The William Landis Living Trust, and Buyer agree to enter into a new lease that is mutually acceptable to the Buyer and the Landlord.

    e.    The landlord of the current premises, The William Landis Living Trust, and Trustee enters into an agreement whereby landlord waives all claims against the estate for payment of $35,000 in full satisfaction of post and pre petition obligations.

    f.    That the bankruptcy court enter an order selling the assets free and clear to Buyer and that the liquor license is transferred to Buyer without any financial encumbrances.

    g.    Trustee shall file a motion to sell no later than July 27, 2017.  The motion shall request i) approval of this agreement and transfer of assets to the buyer free and clear of monetary liens, ii) approval of agreement to pay $17,292 to Commonwealth Business Bank to satisfy their secured claim, iii) approval of agreement with landlord to waive all administrative and other claims in exchange for payment of $35,000.

2.4.    Costs of Sale

    a.    Each side to bear the costs of their own professional fees through closing.

4845-5208-2507v1/1012-020

4845-5208-2507, v. 1

**EXHIBIT 1**
**Page 16**

b.     Buyer to pay all expenses associated with transferring the liquor license including any fees charged by ABC and by escrow.

c.     Trustee shall bear all court costs associated with the sale of Assets.

3.     **Representations by Buyer.** Buyer hereby represents and warrants and covenants to Seller as follows:

a.     Buyer is qualified to hold a liquor license like that being transferred herein.

b.     Buyer has the funds currently on deposit and available and can and will be deposit said funds in a timely manner as provided herein.

c.     Buyer and Landlord have agreed to a new lease and have executed said lease.

d.     Buyer has complied with all laws and will comply with all laws applicable to this sale and to operating the liquor store.

e.     Buyer is solely responsible and shall pay all fees, compensation and costs, if any, owed to Brokers or Finders or any person who claims to have assisted the Buyer in acquiring the Assets.

f.     Buyer is authorized to enter into this transaction.

g.     Buyer is not relying on any statement or representation of Seller, it's agents or representatives, nor any information supplied by Seller, it's agents or its representatives, except as expressly provided in this agreement. Buyer is entering into this agreement and is completing this purchase of the Assets relying entirely on its own investigation and knowledge of the Assets

4.     **Representations of Seller.**     Seller hereby represents, warrants, and covenants to Buyer as follows:

a.     Seller is a Chapter 7 bankruptcy trustee duly appointed by the Department of Justice to administer the Bankruptcy Estate and has the power and authority to seek court approval of this sale.

b.     The Bankruptcy Estate has not retained any professionals to assist in the sale except attorneys.

c.     Trustee shall seek an order of sale authorizing a transfer of Assets free and clear of liens.

3

4845-5208-2507v1/1012-020

4845-5208-2507, v. 1

**EXHIBIT 1**
**Page 17**

5. **As-Is Sale; Release; Seller Disclaimer; Warranties.** BUYER HEREBY ACKNOWLEDGES AND AGREES:

5.1. <u>As-Is Sale</u>. SELLER MAKES NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED, WITH RESPECT TO ANY MATTER RELATING TO THE ASSETS, BUYER WILL BE ACQUIRING THE ASSETS IN AN "AS IS – WHERE IS" CONDITION "WITH ALL FAULTS" AND SPECIFICALLY AND EXPRESSLY WITHOUT ANY RECOURSE, WARRANTIES, REPRESENTATIONS OR GUARANTEES, EITHER EXPRESS OR IMPLIED, OF ANY KIND OR NATURE FROM SELLERS EXCEPT FOR THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THIS AGREEMENT. No party has relied or is relying upon any information, document, sales brochure, due diligence/property information package or other literature, map or sketch, projection, pro forma statement, representation, guarantee or warranty (whether express or implied, or oral or written, material or immaterial) that may have been given by or made by or on behalf of or omitted by Sellers or its agents, representatives, consultants and/or attorneys with respect to (a) the quality, nature, adequacy or physical condition of the Assets; (b) the use of the Assets for any particular purpose; or (c) any Sellers or its respective operation's compliance with any applicable laws or restrictions of any governmental authority.

EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT, SELLER HAS NOT MADE NOR WILL MAKE ANY WARRANTIES OR REPRESENTATIONS, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW INCLUDING, BUT IN NO WAY LIMITED TO, CONDITION, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR WITH RESPECT TO THE VALUE, PROFITABILITY OR MARKETABILITY OF THE ASSETS OR WITH RESPECT TO COMPLIANCE OF THE ASSETS WITH ANY ENVIRONMENTAL PROTECTION OR POLLUTION LAW OR REQUIREMENT, INCLUDING BUT NOT LIMITED TO, THOSE PERTAINING TO THE HANDLING, GENERATING, TREATING, STORING OR DISPOSING OF ANY HAZARDOUS WASTE OR SUBSTANCE.

5.2. <u>Seller Is A Trustee</u>. BUYER HEREBY ACKNOWLEDGES THAT SELLER IS A BANKRUPTCY TRUSTEE APPOINTED TO ADMINISTER THE ESTATE AND THAT SELLER HAS NOT INSPECTED AND WILL NOT INSPECT THE ASSETS OR DETERMINE ITS CONDITION, FITNESS, OR USE FOR ANY PARTICULAR PURPOSE. WITHOUT IN ANY WAY LIMITING ANY OF THE FOREGOING, SELLER HEREBY DISCLAIMS ANY REPRESENTATION, WARRANY, EXPRESSED OR IMPLIED, OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE AS TO ANY PORTION OF THE PURCHASED ASSETS.

6. **Bankruptcy Court Approval Required.** The Parties acknowledge and agree that the Bankruptcy Court entering an order approving this Agreement, and the sale and conveyance of the Assets to Buyer pursuant to this Agreement (the "Approval Order"), is a necessary condition precedent to its effectiveness and to Buyer's obligation to complete the purchase and sale of the Purchased Assets. Such Approval Order shall include a finding that Buyer is a good faith purchaser within the meaning of, and is entitled to the protections of, Section 363(m) of the Bankruptcy Code.

4

**EXHIBIT 1**
**Page 18**

7.    **Overbid.**  The sale may be subject to overbid.

8.    **Trustee's Capacity.**  Trustee is signing this Agreement in his capacity solely as Chapter 7 Trustee of the Estate.  Nothing contained herein shall in any way impute liability to Jeffrey I. Golden, personally or as a member of any professional organization including Lobel Weiland Golden Friedman LLP, or anyone acting on his behalf, including his counsel Marshack Hays LLP.

9.    **Waiver of Bankruptcy Rules 6004(h) and 6006(d).**  To ensure the sale of the Assets occurs as expeditiously as possible, the Parties knowingly and voluntarily waive the 14 day stay requirements of Bankruptcy Rules 6004(h) and 6006(d), and authorize Trustee to immediately consummate the transaction proposed by this Agreement after entry of the Approval Order approving the sale.

10.    **Payment of Costs.**

10.1    Trustee Costs.  Trustee shall also remove the books and records of the Debtor or at Trustee's election, Buyer shall hold the records at the Premises for two (2) years and turnover to the Trustee within ten (10) days of his written request.

11.    **Liabilities.**  Except as otherwise specifically set forth herein, Buyer is not assuming and shall not be liable for, Debtor's debts, contracts, agreements, commitments, obligations and other liabilities of any nature of Debtor, whether known or unknown, accrued or not accrued, fixed or contingent, and arising out of or resulting from the operations of the Debtor at any time before or after the date hereof, including any liabilities resulting from the sale of the Purchased Assets constituting a "bulk sale" under any state commercial code.

12.    **Miscellaneous.**

12.1    Additional Acts.  The Parties agree to execute and deliver all documents and instruments and to perform such additional acts as the other party may reasonably request, or as may be necessary or appropriate to effectuate, consummate, or perform any of the terms, provisions, or conditions of this Agreement.  To the extent Trustee needs to execute any documents, Buyer shall prepare, or cause to be prepared, and deliver the documents to Trustee. Trustee shall not be responsible for preparing or obtaining any documents. In no event shall any documents presented require or infer a representation or warranty by Trustee.

12.2    Modification.  Any modification of this Agreement shall be valid and binding only if in writing and signed by all of the Parties hereto.

12.3    Waiver.  No waiver of any of the terms or conditions of this Agreement shall be binding or effective for any purpose unless expressed in writing and executed by the party to be bound thereby.

12.4    Notices.  Trustee shall cause appropriate notice thereof to be given to Parties entitled to such notice under the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure and pursuant to Bankruptcy Court order. All notices must be in writing and mailed to the address in Schedule 2 and must be emailed.

4845-5208-2507v1/1012-020

4845-5208-2507, v. 1

**EXHIBIT 1**
**Page 19**

12.5    Severability.  If any portion of this Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable, such portion shall be deemed severed from the Agreement, and the remaining parts shall remain in full force and effect as if no such invalid or unenforceable provision had been a part of the Agreement and, to the extent necessary, this Agreement shall be modified by such Court to fully implement the rights and duties of the Parties set forth herein.

12.6    Successors and Assigns.  This Agreement will be binding upon the Parties and their respective representatives, successors, and assigns, and will inure to the benefit of all parties hereto and their respective representatives, successors, and assigns.  If and only if, all consideration has been funded, Buyer has the right to assign its rights and interests under this Agreement to an assignee assuming Buyer's obligations hereunder, without the requirement of Seller's consent.

12.7    Attorneys' Fees.  All Parties to this Agreement agree to bear their own attorneys' fees and costs.

12.8    Governing Law.  The validity of this Agreement, the construction and enforcement of its terms, and the interpretation of the rights granted to the Parties hereunder shall be governed by and construed in accordance with the laws of the State of California as applied by the United States Bankruptcy Court for the Central District of California.  In the event of any dispute, the United States Bankruptcy Court for the Central District of California, Santa Ana Division, shall be the exclusive forum to resolve such dispute.

12.9    Mutually Drafted.  This Agreement is to be interpreted without regard to the drafting party.  The terms and intent of this Agreement, with respect to the rights and obligations of all Parties identified in this Agreement, shall be interpreted and construed on the assumption that all Parties participated equally in its drafting.

12.10    Execution in Counterparts.  This Agreement may be executed in multiple counterparts, each of which will be deemed an original, with the same force and effect as if all signatures appeared on the same document.  A facsimile or electronic signature shall constitute an original signature.  When counterparts have been executed by all the Parties, this Agreement shall become effective pursuant its terms.

4845-5208-2507v1/1012-020

4845-5208-2507, v. 1

**EXHIBIT 1**
**Page 20**

12.11  <u>Entire Agreement</u>.  This Agreement, including any schedules or exhibits herein referred to, is complete, and all promises, representations, understandings, warranties, and agreements with respect to the subject matter hereof, and all inducements to the making of this Agreement which are relied upon by any party hereto, have been expressed herein.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date(s) appearing below.

Dated:  July ___, 2017                    **SELLER:**

 

 

_____
JEFFREY I. GOLDEN
Chapter 7 Trustee for the Bankruptcy
Estate of Charles B. Daye and Alice L. Daye

Dated:  July 22ᵗʰ, 2017                    **BUYER:**

_____
By: BASEL HADDAD

4845-5208-2507v1/1012-020

4845-5208-2507, v. 1

**EXHIBIT 1**
**Page 21**

12.11 <u>Entire Agreement</u>. This Agreement, including any schedules or exhibits herein referred to, is complete, and all promises, representations, understandings, warranties, and agreements with respect to the subject matter hereof, and all inducements to the making of this Agreement which are relied upon by any party hereto, have been expressed herein.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date(s) appearing below.

Dated: July 17, 2017

SELLER:

JEFFREY I. GOLDEN
Chapter 7 Trustee for the Bankruptcy
Estate of Charles B. Daye and Alice L. Daye

Dated: July ___, 2017

BUYER:

By: BASEL HADDAD

7

4845-5208-2507v1/1012-020

4845-5208-2507, v. 1

EXHIBIT 1
Page 22

EXHIBIT 2

# SCHEDULE A - ASSETS

**EXHIBIT 2**
**Page 23**

In re: Daye                                              J. Golden, Trustee
SA 17-12046-SC

### INVENTORY VALUE SUMMARY

| CATEGORY | EST VALUE |
|---|---|
| CIGARETTES & CHEWING TOBACCO | 2,250.00 |
| LIQUOR | 8,310.00 |
| SODA/WATER/GATORADE, SNAPPLE | 2,000.00 |
| CANDY | 300.00 |
| ICE CREAM | 150.00 |
| ASSUNDRIES | 200.00 |
| HARD ASSETS | 1,200.00 |
| SUBTOTAL | 14,410.00 |
| VARIANCE @ 20% | 2,882.00 |
| TOTAL ESTIMATED VALUE | 17,292.00 |

SCHEDULE A, A-1
**EXHIBIT 2**
**Page 24**

In Re: Daye
SA 17-12046-SC

J. GOLDEN, TRUSTEE

## GENERAL STORE INVENTORY

| | QTY | RETAIL PRICE | COST ALLOC | TOTAL | CATEGORY TOTALS |
|---|---|---|---|---|---|
| CABS | 38 | | 4.00 | 152.00 | |
| WHITE | 41 | | 4.00 | 164.00 | |
| MERLOT | 29 | | 4.00 | 116.00 | |
| LITER - JUG; RED & WHITE; COOLER | 85 | $5 -10 | 4.00 | 340.00 | |
| BOTTLES -RED & WHITE 100 | 100 | $8 - 10 | 4.00 | 400.00 | |
| COOLERS: | | | | | |
| BEER - CASES | 10 | | | | |
| BEER - 6 PK | 40 | | 7.50 | 75.00 | |
| BEER - 12 PK | 10 | $7 - 10 | 4.00 | 160.00 | |
| BEER - CANS | 50 | | 6.00 | 600.00 | |
| CHAMPAGNE | 48 | $2.00 | 1.00 | 50.00 | |
| SPRITZERS | 53 | | 4.00 | 432.00 | |
| | | $8 - 10 | 4.00 | 212.00 | 8,310.00 |
| SODA/WATER/GATORADE | | | | | 2,000.00 |
| CANDY | | | | | 300.00 |
| ICE CREAM | | | | | 150.00 |
| ASSUNDRIES: | | | | | |
| CHARCOAL, BLEACH, | | | | | 200.00 |
| DOG FOOD, PAPER PLATES, | | | | | |
| PAPER TOWELS, ETC. | | | | | |
| HARD ASSETS: | | | | | |
| (1) POS W/ SCANNER | | | | | 1,200.00 |
| (1) 32" SANYO TV | | | | | |
| (6) METAL SHELF UNITS | | | | | |
| (4) WOODEN SHELF UNITS | | | | | |
| WALL UNIT/SHEVING/CASES AT REGISTER | | | | | |
| (3) WIRE DISPLAY UNITS | | | | | |
| SUBTOTAL | | | | | 14,410.00 |
| VARIANCE FOR LOOSE COUNT/ESTIMATES - 20% | | | | | 2882.00 |
| TOTAL INVENTORY VALUE | | | | | 17,292.00 |

SCHEDULE A, A-2
**EXHIBIT 2**
**Page 25**

In Re: Daye
SA 17-12046-SC

J. GOLDEN, TRUSTEE

GENERAL STORE INVENTORY

| | QTY | RETAIL PRICE | COST ALLOC | TOTAL | CATEGORY TOTALS |
|---|---|---|---|---|---|
| CABS | 38 | | 4.00 | 152.00 | |
| WHITE | 41 | | 4.00 | 164.00 | |
| MERLOT | 29 | | 4.00 | 116.00 | |
| LITER - JUG; RED & WHITE; COOLER | 85 | $5 -10 | 4.00 | 340.00 | |
| BOTTLES -RED & WHITE 100 | 100 | $8 - 10 | 4.00 | 400.00 | |
| COOLERS: | | | | | |
| BEER - CASES | 10 | | 7.50 | 75.00 | |
| BEER - 6 PK | 40 | $7 - 10 | 4.00 | 160.00 | |
| BEER - 12 PK | 10 | | 6.00 | 600.00 | |
| BEER - CANS | 50 | $2.00 | 1.00 | 50.00 | |
| CHAMPAGNE | 48 | | 4.00 | 432.00 | |
| SPRITZERS | 53 | $8 - 10 | 4.00 | 212.00 | 8,310.00 |
| SODA/WATER/GATORADE | | | | | 2,000.00 |
| CANDY | | | | | 300.00 |
| ICE CREAM | | | | | 150.00 |
| ASSUNDRIES: CHARCOAL, BLEACH, DOG FOOD, PAPER PLATES, PAPER TOWELS, ETC. | | | | | 200.00 |
| HARD ASSETS: (1) POS W/ SCANNER (1) 32" SANYO TV (6) METAL SHELF UNITS (4) WOODEN SHELF UNITS WALL UNIT/SHEVING/CASES AT REGISTER (3) WIRE DISPLAY UNITS | | | | | 1,200.00 |
| SUBTOTAL | | | | | 14,410.00 |
| VARIANCE FOR LOOSE COUNT/ESTIMATES - 20% | | | | | 2882.00 |
| TOTAL INVENTORY VALUE | | | | | 17,292.00 |

Page 2

California ABC - License Query System - Data Summary



### California Department of Alcoholic Beverage Control
*License Query System Summary*
*as of 7/13/2017*

| License Information |
| --- |
| **License Number:** 558950 |
| **Primary Owner:** DAYE, ALICE LIGGINS |
| **ABC Office of Application:** 11 - SANTA ANA |
| Business Name |
| **Doing Business As:** CAN DO LIQUOR |
| Business Address |
| **Address:** 16932 GOLDENWEST ST    **Census Tract:** 0994.11 |
| **City:** HUNTINGTON BEACH    **County:** ORANGE |
| **State:** CA    **Zip Code:** 92647 |
| Licensee Information |
| **Licensee:** DAYE, ALICE LIGGINS |
| **Licensee:** DAYE, CHARLES BERNARD |
| License Types |
| **1) License Type:** 21 - OFF-SALE GENERAL |
| **License Type Status:** ACTIVE |
| **Status Date:** 11-SEP-2015    **Term:** 12 Month(s) |
| **Original Issue Date:** 10-SEP-2015    **Expiration Date:** 31-AUG-2017 |
| **Master:** Y    **Duplicate:** 0    **Fee Code:** P40 |
| **License Type was Transferred On:** 10-SEP-2015    **FROM:** 21-522578 |
| Operating Restrictions |

http://abc.ca.gov/datport/LQSData.asp?ID=106451682

7/14/2017

SCHEDULE A, A-4
**EXHIBIT 2**
**Page 27**

California ABC - License Query System - Data Summary

| |
|---|
| . . . *No Operating Restrictions found* . . . |
| **Current Disciplinary Action** |
| . . . *No Active Disciplinary Action found* . . . |
| **Disciplinary History** |
| . . . *No Disciplinary History found* . . . |
| **Hold Information** |
| . . . *No Active Holds found* . . . |
| **Escrow** |
| . . . *No Escrow found* . . . |

*- - - End of Report - - -*

For a definition of codes, view our glossary.

http://abc.ca.gov/datport/LQSData.asp?ID=106451682

7/14/2017

SCHEDULE A, A-5
**EXHIBIT 2**
**Page 28**

EXHIBIT 3

1  RICHARD A. MARSHACK, #107291
   rmarshack@marshackhays.com
2  JUDITH E. MARSHACK, #163871
   jmarshack@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone:  (949) 333-7777
5  Facsimile:  (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   JEFFREY I. GOLDEN
7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10  In re                                    Case No. 8:17-bk-12046-SC

11  CHARLES B. DAYE                          Chapter 7
    ALICE L. DAYE,
12                                           STIPULATION BETWEEN CHAPTER 7
               Debtors.                      TRUSTEE, JEFFREY I. GOLDEN AND
13                                           COMMONWEALTH BUSINESS BANK
                                             TO DEFINE PAYMENT DUE UPON SALE
14                                           OF ASSET

15                                           [NO HEARING REQUIRED]

16
    TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT
17
    JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED
18
    PARTIES:
19
            This Stipulation is entered into by and between Jeffrey I. Golden, in his capacity as Chapter 7
20
    Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Charles B. Daye and Alice L. Daye
21
    ("Debtors"), and secured creditor Commonwealth Business Bank ("Bank") (Trustee and Bank
22
    collectively, the "Parties"), with regard to the following:
23
                                       **Recitals**
24
            A.      On May 20, 2017 ("Petition Date"), Debtors filed a voluntary petition under Chapter
25
    7 of the United States Bankruptcy Code ("Petition").  On the same day, Debtors filed their Schedules
26
    and Statement of Financial Affairs. Jeffrey I. Golden is the duly appointed Chapter 7 Trustee.
27

28

                                            1

1    B.    Prior to filing the Petition, Debtors operated a liquor store commonly known as Can

2 Do Liquors Corp ("CDL"), at the premises located at 16932 Goldenwest St., Huntington Beach, CA

3 92647 ("Premises").

4    C.    Trustee has entered into or proposes to enter into an agreement to sell assets and

5 CDL.

6    D.    Bank asserts a blanket lien on all assets of the estate to secure an outstanding balance

7 which Bank contends exceeds $118,957.61.

8    E.    Bank supports the Trustee's request to sell the assets and accordingly stipulates as

9 follows:

10                                AGREEMENT

11    The Parties agree and STIPULATE as follows:

12    1.    Bank hereby agrees to take $17,292.00, as payment on their secured claim. Bank

13 assigns the balance, if any, of their secured claim to the Chapter 7 bankruptcy estate.

14    2.    Said $17,292.00 shall be paid by the Trustee to the Bank within five (5) days of

15 closing of the sale of Asset.

16    3.    Any remaining sums owed to the Bank by the Debtor and/or the bankruptcy estate

17 shall be a general unsecured claim

18 / / /

19 / / /

20

21

22

23

24

25

26

27

28

1      4.     This Stipulation may be executed in one or more counterparts and facsimile or

2 electronic signatures may be used in filing this document with the Court.

3

4

5 Dated: July 14, 2017                    MARSHACK HAYS LLP

6

7                              By:  */s/  Richard A. Marshack*

                                  RICHARD A. MARSHACK

8                                   JUDITH E. MARSHACK

                                  Attorneys for Chapter 7 Trustee,

9                                   JEFFREY I. GOLDEN

10

11 Dated: July 14, 2017                    COMMONWEALTH BUSINESS BANK

12

13                              By:

14                                  ALEX CHOI, EVP & CHIEF CREDIT

                                 OFFICER

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION TO DEFINE PAYMENT DUE UPON SALE OF ASSET

4849-5837-2937v1/9999-100

**EXHIBIT 3**

**Page 31**

EXHIBIT 4

1  RICHARD A. MARSHACK, #107291
   rmarshack@marshackhays.com
2  JUDITH E. MARSHACK, #163871
   jmarshack@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   JEFFREY I. GOLDEN
7
                    UNITED STATES BANKRUPTCY COURT
8
            CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION
9

10 | In re                              | Case No. 8:17-bk-12046-SC
11 | CHARLES B. DAYE                     | Chapter 7
   | ALICE L. DAYE,
12 |                                     | STIPULATION BETWEEN CHAPTER 7
   |             Debtors.                | TRUSTEE JEFFREY I. GOLDEN AND
13 |                                     | LANDLORD WILLIAM LANDIS,
   |                                     | TRUSTEE OF THE WILLIAM LANDIS
14 |                                     | LIVING TRUST TO RESOLVE CLAIMS
15 |                                     | [NO HEARING REQUIRED]
16

17  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

18  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

19  PARTIES:

20          This Stipulation is entered into by and between Jeffrey I. Golden, in his capacity as Chapter 7

21  Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Charles B. Daye and Alice L. Daye

22  ("Debtors"), and landlord William Landis, Trustee of The William Landis Living Trust

23  ("Landlord") (Trustee and Landlord collectively, the "Parties"), with regard to the following:

24                                      **Recitals**

25          A.      On May 20, 2017 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7

26  of the United States Bankruptcy Code ("Petition").  On the same day, Debtors filed their Schedules

27  and Statement of Financial Affairs. Jeffrey I. Golden is the duly appointed Chapter 7 Trustee.

28

                                          1
                        STIPULATION TO RESOLVE CLAIMS                    **EXHIBIT 4**
**Page 32**

B.      Prior to filing the Petition, Debtor operated liquor store commonly known as Can Do Liquors Corp ("CDL"), at the premises located at 16932 Goldenwest St., Huntington Beach, CA 92647 ("Premises").

C.      The William Landis Living Trust ("Landlord") is the landlord of said Premises. No post-petition rent has been paid. Landlord contends that the monthly rent and other obligation is no less than $7,500.00 per month and that through August 30, 2017, the approximate amount owed is $22,500.00 for unpaid post-petition rent. Further, Landlord contends that in excess of $54,369.96 is owed by the Debtor for unpaid pre-petition obligations under the lease.

D.      Trustee seeks to sell assets of CDL to Basel Haddad ("Buyer"). Landlord will not consent to the entering into a new lease with Buyer unless Landlord receives $35,000.00 in full satisfaction of all post-petition and pre-petition claims.

AGREEMENT

The Parties agree and STIPULATE as follows:

1.      Upon closing of the sale to Buyer, Trustee shall pay $35,000.00 to Landlord.

2.      Landlord, in exchange for payment of $35,000.00, waives all claims against the estate of the Debtor, including all claims for post-petition rent, post-petition obligations under the lease, pre-petition rent and pre-petition obligations under the lease.

3.      Trustee's obligation to fund payment is conditioned upon:

    a.  Bankruptcy Court approval of this Agreement;

    b.  Bankruptcy Court approval of sale of assets and funding by Buyer of the purchase price of no less than $110,000.00, to purchase the Asset and closing of said transaction; and

    c.  Bankruptcy Court approval of the agreement between secured creditor, Commonwealth Business Bank and Trustee.

/ / /

/ / /

STIPULATION TO RESOLVE CLAIMS

**EXHIBIT 4**

**Page 33**

1    4.    This Stipulation may be executed in one or more counterparts and facsimile or

2  electronic signatures may be used in filing this document with the Court.

3

4

5  Dated: July 14, 2017                    MARSHACK HAYS LLP

6

7                                          By: /s/ Richard A. Marshack
                                               RICHARD A. MARSHACK
8                                              JUDITH E. MARSHACK
                                               Attorneys for Chapter 7 Trustee,
9                                              JEFFREY I. GOLDEN

10

11  Dated: July 14, 2017                   WILLIAM LANDIS LIVING TRUST

12

13                                         By: _____
                                               WILLIAM LANDIS, Trustee
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3
STIPULATION TO RESOLVE CLAIMS

**EXHIBIT 4**
**Page 34**

EXHIBIT 5

# Statement

William Landis

1901 Avenue of The Stars
Suite 670
Los Angeles, CA 90067

| Date |
|------|
| 5/25/2017 |

| To: |
|-----|
| CAN DO LIQUOR
16932 Goldenwest St
Huntington Beach, CA 92647 |

| | Amount Due | Amount Enc. |
|---|---|---|
| | $54,369.96 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| | Can Do Liquor- | | |
| 03/18/2016 | INV #20428. Due 04/18/2016. Orig. Amount $725.00. | 725.00 | 725.00 |
| 04/19/2016 | INV #20651. Due 04/19/2016. Orig. Amount $725.00. | 725.00 | 1,450.00 |
| 04/19/2016 | INV #20652. Due 09/06/2016. Orig. Amount $725.00. | 725.00 | 2,175.00 |
| 07/14/2016 | INV #20644. Due 07/14/2016. Orig. Amount $50.00. Bounced Check# 1479 | 50.00 | 2,225.00 |
| 07/31/2016 | INV #20694. Due 05/01/2017. Orig. Amount $6,000.00. | 6,000.00 | 8,225.00 |
| 08/01/2016 | INV #20645. Due 08/01/2016. Orig. Amount $50.00. Bounced Check# 1567 | 50.00 | 8,275.00 |
| 09/08/2016 | INV #20646. Due 09/08/2016. Orig. Amount $50.00. Bounced Check# 1538 | 50.00 | 8,325.00 |
| 10/10/2016 | INV #20653. Due 10/10/2016. Orig. Amount $750.00. | 750.00 | 9,075.00 |
| 10/10/2016 | INV #20695. Due 02/01/2017. Orig. Amount $2,394.96. | 2,394.96 | 11,469.96 |
| 10/25/2016 | INV #20647. Due 10/25/2016. Orig. Amount $50.00. Bounced Check# 1630 | 50.00 | 11,519.96 |
| 11/02/2016 | INV #20648. Due 11/02/2016. Orig. Amount $50.00. Bounced Check# 1634 | 50.00 | 11,569.96 |
| 11/07/2016 | INV #20654. Due 11/07/2016. Orig. Amount $750.00. | 750.00 | 12,319.96 |
| 12/02/2016 | INV #20649. Due 12/02/2016. Orig. Amount $50.00. Bounced Check# 1683 | 50.00 | 12,369.96 |
| 12/08/2016 | INV #20655. Due 12/08/2016. Orig. Amount $750.00. | 750.00 | 13,119.96 |
| 01/01/2017 | INV #20630. Due 01/01/2017. Orig. Amount $7,500.00. | 7,500.00 | 20,619.96 |
| 01/25/2017 | INV #20845. Due 01/25/2017. Orig. Amount $750.00. | 750.00 | 21,369.96 |
| 02/01/2017 | INV #20631. Due 02/01/2017. Orig. Amount $7,500.00. | 7,500.00 | 28,869.96 |
| 02/10/2017 | INV #20656. Due 03/10/2017. Orig. Amount $750.00. | 750.00 | 29,619.96 |
| 03/01/2017 | INV #20632. Due 03/01/2017. Orig. Amount $7,500.00. | 7,500.00 | 37,119.96 |
| 03/25/2017 | INV #20844. Due 03/25/2017. Orig. Amount $750.00. | 750.00 | 37,869.96 |
| 04/01/2017 | INV #20767. Due 04/01/2017. Orig. Amount $7,500.00. | 7,500.00 | 45,369.96 |
| 04/25/2017 | INV #20843. Due 04/25/2017. Orig. Amount $750.00. | 750.00 | 46,119.96 |
| 05/01/2017 | INV #20851. Due 05/01/2017. Orig. Amount $7,500.00. | 7,500.00 | 53,619.96 |
| 05/15/2017 | INV #20852. Due 05/15/2017. Orig. Amount $750.00. | 750.00 | 54,369.96 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|--------------------|--------------------|----------------------|-----------|
| 0.00 | 9,000.00 | 7,500.00 | 8,250.00 | 29,619.96 | $54,369.96 |

**EXHIBIT 5**
**Page 35**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S MOTION FOR ORDER (1)
AUTHORIZING SALE OF ASSETS; (2) APPROVING STIPULATION BETWEEN ESTATE AND BANK; (3)
APPROVING STIPULATION BETWEEN ESTATE AND LANDLORD; DECLARATION OF JEFFREY I. GOLDEN IN
SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d);
and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 25,
2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **July 25, 2017**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| **DEBTORS** | **ATTORNEY FOR LANDLORD** | **CREDITOR** |
|---|---|---|
| CHARLES B DAYE | DANIEL M. LANDIS, ESQ. | COMMONWEALTH BUSINESS BANK |
| ALICE L DAYE | LANDIS & MALLINGER, P.L. | ATTN: CHONG KIM |
| P.O. BOX 4406 | 7284 W. PALMETTO PARK ROAD, | 3435 WILSHIRE BLVD., SUITE 700 |
| HUNTINGTON BEACH, CA | SUITE 302 | LOS ANGELES, CA 90010 |
| 92605-4406 | BOCA RATON, FL 33433 | |

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 25, 2017**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

| **VIA PERSONAL DELIVERY** | **VIA EMAIL ATTORNEY FOR LANDLORD** | **VIA EMAIL CREDITOR** | **BUYER** |
|---|---|---|---|
| The Honorable Scott C. Clarkson | DANIEL M. LANDIS, ESQ. | COMMONWEALTH BUSINESS BANK | BASEL HADDAD |
| U.S. Bankruptcy Court | dan@landisandmallinger.com | CHONG KIM | C/O MUN PARK |
| 411 W. Fourth Street, # 5-097 | | chongk@cbb-bank.com | munkpark@yahoo.com |
| Santa Ana, CA 92701 | | | |

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 25, 2017 | Pamela Kraus | */s/ Pamela Kraus* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  continued:

- TRUSTEE: Jeffrey I Golden (TR)     ljones@wgllp.com,
  jig@trustesolutions.net;kadele@wgllp.com;lfisk@wgllp.com
- ATTORNEY FOR TRUSTEE: Judith E Marshack     jmarshack@marshackhays.com,
  ecfmarshackhays@gmail.com
- ATTORNEY FOR TRUSTEE: Richard A Marshack     rmarshack@marshackhays.com,
  lbergini@marshackhays.com;ecfmarshackhays@gmail.com
- INTERESTED PARTY: Valerie Smith     claims@recoverycorp.com
- ATTORNEY FOR DEBTORS: Michael R Totaro     Ocbkatty@aol.com
- U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- INTERESTED PARTY: Anitra Walker     awalker@aubreyfirm.com, awalker@aubreyfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**